Craig Rumberg
# 12873-050
Federal Prison Camp
P. O. Box 1000
Duluth, MN  55814

December 23, 2003

To: The Honorable Anne E. Thompson
U. S. District Court
402 E. State Street, Room 2020
Trenton, NJ  08608
Attn: William T. Walsh, Clerk

Case No. 3:03CV03660
2nd Amendment to §2255 Motion

RECEIVED
JAN 7 2004
AT 8:30 _____M
WILLIAM T. WALSH
CLERK

Kindly request **EXPEDITED** ruling on motion due to **RECENT CASE PRECEDENT** determining that Defendant should be immediately moved to CCC from FPC Duluth, as new BOP "Policy" is deemed illegal and invalid.

Mr. Rumberg has almost completed 7 (seven) months of a 15 (fifteen) month sentence and with good time, under prior BOP "Policy", would be scheduled to be released to a CCC (Community Confinement Center) on January 3, 2004. The current BOP "Policy" of allowing Defendants to only serve the last 10% of their sentence has been deemed invalid in Case Law. The new BOP "Policy" has been ruled **ILLEGAL** and **Courts have ruled and set precedent in this matter.**

In a decision announced on October 30, 2003, Judge Kimba Wood of the U.S. District Court of New York agreed with petitioner's position that the December 2002 rule change disallowing any use of CCCs for inmates sentenced to a term of imprisonment – outside of the last 10 percent (not to exceed six months) of the time to be served) – was illegal and invalid not only as to direct designations but also as to denial of halfway house time at the end of the sentence. **Greenfield v. Menifee, No.03-CV-8205(KMW)(SDNY).** Directly addressing the prisoner's claim on the merits, Judge Wood ruled that BOP's new rules were based on a totally incorrect reading of 18 USC§3624(c). Not only did Judge Wood hold that BOP had broad discretion to designate correctional facilities, including CCCs, as places of imprisonment no matter the length of prisoner's sentence, but she also ruled that 18 USC§3624(c) does not displace that authority at all. She agreed with the petitioner's arguments, that section 3624(c) only serves to insure that BOP will afford every possible inmate pre-release opportunities during the final portions of their sentences, to include home confinement. Judge Wood Summarized:

> ... Section 3624(c) does not create new transfer powers on the part of the BOP with respect to CCCs. Rather it creates an affirmative obligation on the part of the BOP to assure that the final portion of a prisoner's sentence be served in a place that will facilitate reintegration into the community. If the prisoner was placed in a CCC pursuant to authority granted in 3621(b) prior to the 10 percent date, the BOP would need to do nothing more to satisfy its duties under Section 3624(c). That does not mean that Section 3624(c) is meaningless with respect to CCCs. It just means that the BOP need not "assure" anything further, because its earlier placement effectively discharged its responsibility.

Like the Hurt Court,[1] **JUDGE WOOD** also concluded that BOP's rule change violated the APA's notice and consent requirements, particularly since the OLC opinion "left no discretion for members of the BOP and, therefore, for employees in a manner consistent with legislative rules." Equally significant, the government conceded that but for the rule change, the petitioner, who is serving an 18 month sentence, would have received at or approaching six months' CCC time under Otisville's past practices.

When news of Judge Wood's decision was presented to Judge Leo Glasser in the U.S. District Court for the Eastern District of New York, who then had pending habeas corpus petition before him raising the same claims, **the Court immediately issued a Memorandum and Order adopting Judge Wood's views and directing BOP to release that petitioner "forthwith." Cioffoletti v. Federal Bureau of Prisons, 03-CV-3220(ILG)(EDNY). BOP complied, and two business days later Inmate Cioffoletti was moved to a CCC.** id

In conclusion, recent Court decisions reflect that the December 2002 memo regarding CCC placement has been deemed invalid and wrong, and I am requesting immediate placement into a CCC.

Respectfully,

Craig S. Kumberg

id.  Court decisions and opinions cited from Issue 4, Vol 13 - FAMMGRAMM

1 - **Hurt v. Federal Bureau of Prisons, No.5:03-CV-265-4,M.D.Ga.(August 29, 2003)**
The District Court for the Middle District of Georgia found the Bureau of Prison (BOP) policy change regarding placement in community corrections centers, embodied in a December 2002 memorandum, to be invalid. The Justice Department and the BOP now prohibit defendants from serving more than 10 percent of their sentences in community corrections centers.